UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Brian Hobbs,** | )<br>) |
| Plaintiff, | )<br>) |
| | ) Hon. |
| v. | )<br>) |
| **Sherman Financial Group LLC,**<br>a Delaware limited liability company, and<br>**Resurgent Capital Services L.P.,**<br>a Delaware limited partnership, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

1:05 CV 0478

Robert Holmes Bell
Chief, U.S. District Judge

**Complaint**

**I.   Introduction**

1.   This is an action for damages and declaratory relief, brought by a consumer against debt collectors in response to the debt collectors' abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Brian Hobbs is a natural person residing in Kent County, Michigan. Mr. Hobbs is a "consumer" as the term is defined and used in the FDCPA. Mr. Hobbs is a "consumer" and a "debtor" as the terms are defined and used in the MCPA.

4. Defendant Sherman Financial Group LLC ("Sherman") is a Delaware limited liability company. Sherman's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Sherman is a "debt collector" as the phrase is defined and used in the FDCPA. Sherman is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

5. Defendant Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited partnership, doing business at 15 South Main Street, Suite 700, Greenville, South Carolina 29601. Resurgent's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Resurgent is a "debt collector" as the phrase is defined and used in the FDCPA. Resurgent is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

6. Resurgent is a wholly-owned subsidiary of Sherman. According to Resurgent's website (www.rcap.com), Sherman is an integrated company engaged in the business of purchasing, servicing and scrutinizing distressed consumer debt. Similarly, Resurgent's website states that Resurgent and Sherman purchase portfolios of distressed consumer receivables of almost any size to assist credit grantors in managing cash flow and risk.

### IV. Facts

7. Mr. Hobbs had a credit account (Account No. 004523583) with Ameritech. Mr.

Hobbs used the account and incurred debt. The debt was incurred for personal, family and/or household purposes. The debt was a "debt" as the term is defined and used in the FDCPA and MCPA.

8. The account was closed in or about April of 2000. Mr. Hobbs believes and has always maintained that the account was paid in full. Mr. Hobbs has consistently disputed owing anything in connection with the account.

9. Supposedly, Sherman or one of its related entities purchased the account and related allegedly delinquent debt in October of 2001. Sherman is in the business of purchasing delinquent consumer debt for a few pennies (or less) on the dollar. Sherman likely paid less than ten dollars for the debt allegedly owed by Mr. Hobbs.

10. Sherman later hired a company named Vital Recovery Services, Inc. ("Vital") to attempt to collect the debt from Mr. Hobbs. By letter dated November 12, 2004, Vital wrote Mr. Hobbs and demanded payment of the debt. The letter asked Mr. Hobbs to telephone Vital to discuss the debt.

11. On or about January 26, 2005, Mr. Hobbs telephoned Vital to dispute the debt. In the conversation, Vital's employee stated that there had been no payment on the debt since April 19, 2000. Vital's employee also stated that Vital was attempting to collect the debt on behalf of "Sherman Acquisitions." When Mr. Hobbs requested documentation to support Vital's claim that he owed the debt, Vital's employee told Mr. Hobbs that Vital would not and could not validate the debt and that if Mr. Hobbs wanted any documentation, he would have to call a toll free number (1-888-665-0374) to request that information.

12. On or about January 26, 2005, Mr. Hobbs telephoned the toll free number

provided by Vital. The toll free number belonged to Sherman and/or Resurgent. Mr. Hobbs spoke with a male collector named "Jamie." Mr. Hobbs stated that he was calling to dispute the debt. Defendants' collector responded: "If you want to dispute this account, what you need to do is you need to write a letter saying that the account is not yours, you need to sign it three times, and get the letter notarized. We also need a copy of your drivers license and a copy of your social security card." Defendants s collector also stated: "If the account goes to an attorney, you might get sued."

13. Defendants' collector falsely represented or implied to Mr. Hobbs that in order for Mr. Hobbs to dispute the debt, the dispute would have to be in writing.

14. Defendants' collector falsely represented or implied to Mr. Hobbs that in order for Mr. Hobbs to dispute the debt, the letter of dispute would have to be "signed three times . . . and notarized."

15. Defendants' collector falsely represented or implied to Mr. Hobbs that in order for Mr. Hobbs to dispute the debt, Mr. Hobbs would have to provide defendants with a copy of his drivers license and a copy of his social security card.

16. The amount of the alleged debt was approximately $215.38. Defendants had no intention of filing suit against Mr. Hobbs to collect the alleged debt.

17. Defendants' collector falsely represented or implied to Mr. Hobbs that he might be sued if he refused to pay the disputed debt.

18. The unlawful debt collection methods, acts and practices of defendants and their collector were willful. The violations of the MCPA by defendants and their collector were willful.

4

19. As an actual and proximate result of the acts and omissions of defendants and their collector, Mr. Hobbs has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

20. Plaintiff incorporates the foregoing paragraphs by reference.

21. Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

    b) Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

    c) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    d) Defendants violated 15 U.S.C. § 1692g by misrepresenting plaintiff's validation rights.

**Wherefore,** plaintiff seeks judgment against defendants for:

    a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendants' practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

22. Plaintiff incorporates the foregoing paragraphs by reference.

23. Defendants have violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: July 13, 2005

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176